Singh v. Garland

BIA
Khan, IJ
A206 136 224

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand twenty-two.

PRESENT:
>　　　JON O. NEWMAN,
>　　　JOHN M. WALKER, JR.,
>　　　RAYMOND J. LOHIER, JR.,
>　　　　　*Circuit Judges.*

_____

JATINDER JIT SINGH,
>　　　*Petitioner,*

>　　v.　　　　　　　　　　　　　20-960
>　　　　　　　　　　　　　　　　NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>　　　*Respondent.*

_____

FOR PETITIONER:　　　　　Jaspreet Singh, Law Office of Jaspreet Singh, Jackson Heights, NY.

FOR RESPONDENT:　　　　　Brian Boynton, Assistant Attorney General; Claire L. Workman, Senior

Litigation Counsel; Scott M. Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jatinder Jit Singh, a native and citizen of India, seeks review of a March 6, 2020 decision of the BIA affirming an April 11, 2018 decision of an Immigration Judge ("IJ"), which denied Singh's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Jatinder Jit Singh*, No. A206 136 224 (B.I.A. Mar. 6, 2020), *aff'g* No. A206 136 224 (Immig. Ct. N.Y. City Apr. 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decision of the IJ as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to

2

the contrary . . . ."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the . . . consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the adverse credibility determination given the discrepancies between Singh's testimony, written statement, and documentary evidence regarding whether Singh's father disappeared or went into

3

hiding and the nature and location of Singh's medical treatment after the sole physical attack. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

Singh's explanations for these discrepancies do not compel a contrary conclusion. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (quotation marks omitted). Singh explained that he said his father was in hiding because he was afraid during his interview; but this explanation does not resolve why he included the erroneous statement in his subsequent application. Singh initially stated that he was treated by a local doctor following an attack, and his mother's affidavit echoed that statement; but he testified to and submitted evidence of a four-day hospitalization. His explanations—

4

that, given the extent of his injuries, he only knew he was treated at a hospital after the fact, and that the local doctor sent him to the hospital—do not resolve why neither he nor his mother initially mentioned the treatment at the hospital. *See id.; Xiu Xia Lin*, 534 F.3d at 167 ("We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling.").

The agency did not err in finding Singh failed to rehabilitate his claim through corroboration. "An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in declining to credit Singh's documentary evidence: his mother's affidavit was inconsistent with his testimony, the medical record contradicted his and his mother's statements and was vague about his injuries, and the letter from his political party did not discuss Singh's past harm with any specificity. *See Y.C. v. Holder*, 741 F.3d 324, 332,

334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding BIA's decision to afford little weight to letter from applicant's spouse).

Given the inconsistencies and lack of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court